**ORIGINAL**

# In the United States Court of Federal Claims

Nos. 15-580C, 15-629C
(Filed: October 29, 2015)

**FILED**

OCT 2 9 2015

U.S. COURT OF
FEDERAL CLAIMS

|  |  |  |
|---|---|---|
| SAMUEL EDWARDS *also known as* ISHMAEL EL BEY, | ) ) ) | |
| Plaintiff, | ) ) | *Pro Se* Plaintiff; Motion to Dismiss for Lack of Subject Matter Jurisdiction; RCFC 12(b)(1); Wrongful Imprisonment; Violations of International Treaties |
| v. | ) ) ) | |
| THE UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) ) ) ) | |

*Samuel Edwards*, also known as *Ishmael El Bey*, Highland Park, MI, Plaintiff, *pro se*.

*Amanda Tantum*, Trial Attorney, with whom were *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, and *Deborah A. Bynum*, Assistant Director, Commercial Litigation Branch, United States Department of Justice, Washington, DC, for Defendant

## OPINION AND ORDER

**KAPLAN, Judge:**

These consolidated <u>pro se</u> cases are currently before the Court on the government's motion for summary dismissal pursuant to Rules of the Court of Federal Claims (RCFC) 12(b)(1) and 12(b)(6). For the reasons set forth below, the government's motion to dismiss pursuant to RCFC 12(b)(1) is **GRANTED** and the cases are **DISMISSED** without prejudice.[1]

## BACKGROUND

On July 14, 1997, the plaintiff in this case, Samuel Edwards, also known as Ishmael El Bey, was sentenced to ten years imprisonment for distribution of "phencyclidine, a Schedule II non-narcotic drug controlled substance." Compl. (No. 15-580C) ¶ 5 ("Compl. I"); <u>id.</u> App. 1. Mr. Edwards was incarcerated from July 14, 1997 through October 16, 2000 in a federal penitentiary. <u>Id.</u> ¶ 6.

---

[1] Mr. Edwards has filed motions to proceed in forma pauperis in both cases. The Court **GRANTS** these motions for the exclusive purpose of deciding the pending motion to dismiss.

In his first complaint, No. 15-580C, Mr. Edwards seeks "reimbursement for wrongful incarceration/imprisonment" in connection with the time he served on the drug distribution offense. Id. at 1. Although it is, at best, difficult to discern the legal basis for his claim of wrongful imprisonment, it appears that Mr. Edwards is alleging violations of a treaty between the United States and Morocco; two treaties between the United States and certain Native American tribes; Article 6 of the U.S. Constitution; and 28 U.S.C. §§ 1604–07, governing the immunity of foreign states. Id. ¶¶ 1–4 and attached exhibits. He also alleges that "[u]nder tort claims there are monetary statutory and punitive damages for wrongful incarceration" and requests an award of such damages in the amount of one billion dollars. Id. at 2.

In his second complaint, No. 15-629C, Mr. Edwards seeks "reimbursement for wrongful foreclosure." He complains of being displaced from his home in Detroit, Michigan by an "alleged deputy sheriff for the County of Wayne." Compl. (15-629) ¶ 5 ("Compl. II"). In addition to again claiming violations of the same treaties cited in No. 15-580C, as well as violations of 28 U.S.C. §§ 1604–07, in No. 15-629C Mr. Edward further alleges violations of 42 U.S.C. § 1983 in connection with the foreclosure on his home and his subsequent eviction, as well as violations of certain regulations of the Department of State. Mr. Edwards asks that the Court direct the immediate return of his property and again requests an award of one billion dollars in statutory and punitive damages.[2] Id. at 2.

In both complaints, Mr. Edwards alleges that the United States entered into several treaties with the Yamassee Nation or other sovereign nations and that he is a party to at least one, the 1835 Treaty of Camp Holmes. Compl. I ¶ 1; Compl. II ¶ 1. He also alleges in both complaints that that he is an "Indigenous Native American Moor," "a Citizen of the Native American (organization) the Newaubian Nation of Moors of the Creek Nation," and a "citizen of the Yamassee (Mvskvgee) Nation." Compl. I ¶¶ 1, 3; Compl. II ¶¶ 1, 3. As such, he alleges that he "never contracted with this corporate body known as the United States of America." Compl. I ¶ 3; Compl. II ¶ 3.

## DISCUSSION

In deciding a motion to dismiss for lack of subject matter jurisdiction, the court accepts as true all undisputed facts in the pleadings and draws all reasonable inferences in favor of the plaintiff. Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The court may "inquire into jurisdictional facts" to determine whether it has jurisdiction. Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991). It is well established that complaints that are filed by pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by

---

[2] Although it is not entirely clear, Mr. Edwards's allegations in No. 15-629C concerning the foreclosure on his property seem very similar to those that formed the basis for his complaint in an earlier action that he brought in the Court of Federal Claims which was dismissed for lack of jurisdiction in 2011. See Edwards v. United States, 2011 WL 2938094 (Fed. Cl. July 19, 2011). The government, accordingly, argues that principles of res judicata and collateral estoppel bar the litigation of the claims in No. 15-629C. Given the Court's conclusion that it lacks jurisdiction over any of Mr. Edwards's claims in the consolidated cases, it does not reach the government's res judicata or collateral estoppel arguments.

lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, even pro se plaintiffs must persuade the Court that jurisdictional requirements have been met. Bernard v. United States, 59 Fed. Cl. 497, 499 (2004), aff'd, 98 Fed. App'x 860 (Fed. Cir. 2004).

The Court of Federal Claims is a court of limited jurisdiction. Brown v. United States, 105 F.3d 621, 623 (Fed Cir. 1997). Its primary source of jurisdiction is the Tucker Act, which empowers it to hear "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012).

The Tucker Act waives the sovereign immunity of the United States to allow a suit for money damages, United States v. Mitchell, 463 U.S. 206, 212 (1983), but it does not confer any substantive rights on a plaintiff, United States v. Testan, 424 U.S. 392, 398 (1976). Therefore, a plaintiff seeking to invoke the court's Tucker Act jurisdiction must identify an independent source of a substantive right to money damages from the United States arising out of a contract, statute, regulation, or constitutional provision. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008).

In this case, Mr. Edwards has failed to establish the Court's jurisdiction to hear any of the claims asserted in his complaints in No. 15-580C and No. 15-629C. First, the Court lacks jurisdiction over his wrongful imprisonment claims to the extent that those claims are based on tort law. 28 U.S.C. § 1491(a)(1) (excluding claims sounding in tort from the court's Tucker Act jurisdiction); New Am. Shipbuilders, Inc. v. United States, 871 F.2d 1077, 1079 (Fed. Cir. 1989). And while the Court does have jurisdiction to award damages for unjust convictions under 28 U.S.C. § 1495, Mr. Edwards does not allege that his conviction was reversed or otherwise set aside for any reason; nor does he allege that he did not commit the acts for which he was imprisoned. See 28 U.S.C. § 2513(a). Nor has he produced a certificate of innocence as specified in 28 U.S.C. § 2513(b), which is required to invoke this Court's jurisdiction under section 1495. See Wood v. United States, 91 Fed. Cl. 569, 577 (2009) (holding that compliance with section 2513, including the production of a certificate of innocence, is prerequisite to the jurisdiction of the Court of Federal Claims).

Further, to the extent that Mr. Edwards is alleging violations of international treaties, this Court lacks jurisdiction to consider such claims. 28 U.S.C. § 1502 (stating that "[e]xcept as otherwise provided by Act of Congress, the United States Court of Federal Claims shall not have jurisdiction of any claim against the United States growing out of or dependent upon any treaty entered into with foreign nations."). On the other hand, this Court can assert jurisdiction over claims based on violations of Indian treaties in some circumstances, because such treaties are considered contracts with the United States. Tsosie v. United States, 825 F.2d 393, 401 (Fed. Cir. 1987). But even assuming that Mr. Edwards, as an individual, possessed standing to pursue such a claim, in order to invoke the Court's jurisdiction for breach of contract, the contract must be one that "'can fairly be interpreted as mandating compensation by the Federal Government.'" Holmes v. United States, 657 F.3d 1303, 1309 (Fed. Cir. 2011) (quoting United States v. Navajo Nation, 556 U.S. 287, 290 (2009)). Neither of the Indian treaties cited or attached to Mr. Edwards's complaint (which appear, in any event, to be completely unrelated to the actions about which he complains) contains any provision that contemplates an award of money damages for

its breach. See Compl. I ¶ 1, Compl. II ¶ 1 (apparently citing the Treaty with the Cherokee, July 19, 1866, 14 Stat. 799); Compl. I, Compl. II, App. 7 (Treaty with the Comanche, Etc., Aug. 24, 1835, 7 Stat. 474).

Mr. Edwards's allegations of violations of Article 6 of the U.S. Constitution, and of 28 U.S.C. §§ 1604–07, which govern the immunity of foreign states, are similarly not within this Court's jurisdiction because neither Article 6 nor the cited statutory provisions supplies the requisite substantive right to money damages from the United States. The State Department regulations that Mr. Edwards cites also do not supply a substantive right to money damages. And finally, this Court lacks jurisdiction over Mr. Edwards's claims in No. 15-629C that are premised on 42 U.S.C. § 1983, as jurisdiction over claims under the civil rights statutes lies exclusively with the district courts. See Jefferson v. United States, 104 Fed. Cl. 81, 89 (2012) and cases cited therein.

### CONCLUSION

On the basis of the foregoing, the government's motion to dismiss pursuant to Rule 12(b)(1) is **GRANTED**, and this case is dismissed without prejudice. The Clerk is directed to enter judgment accordingly. Each side to bear its own costs.

**IT IS SO ORDERED.**

_____

ELAINE D. KAPLAN
Judge